05cv17734c-Ord(Pretrial-Addendum1).wpd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **CURT & NANCY COOLEY,** | : | **Case No. 1:05-CV-17734** |
| **Plaintiffs,** | : | |
| v. | : | |
| **LINCOLN ELECTRIC CO., et al.,** | : | **Judge Kathleen M. O'Malley** |
| **Defendants** | : | |
| | : | **MEMORANDUM & ORDER** |

This Order clarifies an issue raised by the parties in this case regarding defendants' use at trial, on cross-examination, of sworn statements made by plaintiffs' experts in other *Welding Fume* cases. The parties sometimes refer to this as "phantom expert testimony."

In its *Evidentiary Order* dated August 31, 2009, this Court set out certain rules regarding the parties' allowable use, at any *Welding Fume* MDL trial, of statements made by the other side's many experts, in order to cross-examine an individual expert appearing live at trial.[1] In explanation of the rules that applied to defendants, the Court stated: "as a general matter, a defendant may cross-examine a plaintiff's expert witness with contradictory statements made by: (1) that plaintiff's own, *case-specific* experts; and (2) any of the plaintiffs' *core* experts, even if the core expert is not a trial witness. A

---

[1] *See Evidentiary Order* at 53-55 (master docket no. 2217).

defendant may *not*, however, cross-examine a particular plaintiff's expert witness with statements made by some *other Welding Fume* plaintiff's *case-specific* witness."[2]

To apply these rules, the parties must know whether each of the many *Welding Fume* plaintiffs' experts qualify as a "core expert" or a "case-specific expert." In most instances, the identity is clear. The parties' briefs in this case, however, point out some confusion regarding a few of plaintiffs' experts.[3] This Order resolves that confusion.[4]

First, it is clear that any of the experts whom plaintiffs specifically designated as core experts, in documents filed on the master docket, are and remain core experts.[5]

Second, an expert is a core expert if he: (1) submitted two or more reports; (2) referred to one of those reports as a "general report" or "core report;" and (3) referred to another report as a "case-specific report." Thus, Industrial Hygienist Steven Paskal qualifies as a plaintiff's core expert.

Third, an expert is a core expert if: (1) he replied affirmatively, when asked explicitly in deposition, whether he was a core expert; (2) that affirmation was seconded by plaintiff's counsel; and (3) there is no

---

[2] *Id.* at 53-54 (footnote omitted). The Court further explained: "Stated differently: defendants may cross-examine plaintiff A's experts with contradictory statements made by plaintiff A's other case-specific experts and also any of plaintiffs' core experts, but not with statements made by plaintiff B's case-specific experts. The latter statements do not qualify as admissions by plaintiff A or his agents, while the other statements do." *Id.* at 54 n.87. The contradictory statements referred to must be made under oath, whether in an MDL bellwether trial or elsewhere.

[3] *See* plaintiff's objections to deposition designations (*Cooley* docket no. 196), and defendants' response thereto (*Cooley* docket no. 200).

[4] *See Cooley* pretrial hearing at 356-58 (Sept. 4, 2009) (reserving judgment on this issue and also ruling on a related issue – that is, that the parties generally do not have to designate this specie of expert testimony before using it to impeach an expert appearing live at trial).

[5] The parties filed documents designating their core experts at the following master docket numbers: plaintiffs – 419, 741, 742, 863, 1177, & 1229; defendants – 622, 623, 628, 633, 800, 843, 1230, & 1236. The Court created a chart listing these core experts as exhibit A to *In re Welding Fume Prods. Liab. Litig.*, 2005 WL 1868046 (N.D. Ohio Aug. 8, 2005) (master docket no. 1353).

basis to believe that seconding counsel was acting outside of his authority. Thus, Dr. Edward Baker qualifies as a plaintiff's core expert.

And fourth, the fact that a given individual has been hired as an expert by multiple *Welding Fume* plaintiffs does not, without more, qualify him as a core expert. This is true even if that individual offers general opinions, in addition to his or her case-specific opinions. Thus, neither Dr. Richard Lemen nor Dr. Michael Swash qualify as core experts.

**IT IS SO ORDERED.**

                                                  /s/ Kathleen M. O'Malley
                                                  **KATHLEEN McDONALD O'MALLEY**
                                                  **UNITED STATES DISTRICT JUDGE**

**DATED**: September 14, 2009